IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TODD R LOVE, | ) | |
| | ) | |
| Petitioner, | ) | No C 07–1160 VRW (PR) |
| | ) | |
| v | ) | ORDER DENYING PETITION |
| | ) | FOR A WRIT OF HABEAS |
| BEN CURRY, Warden, | ) | CORPUS |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Todd R Love, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California seeks a writ of habeas corpus under 28 USC section 2254 challenging the California Board of Parole Hearings' ("board") February 15, 2005 decision to deny him parole.

Per order filed on July 27, 2007, the court (Jenkins, J) found petitioner's claim that the board violated his due process and equal protection rights colorable under section 2254, when liberally construed, and

ordered respondent to show why a writ of habeas corpus
should not be granted.  Respondent has filed an answer and
petitioner has filed a traverse.

I

On June 20, 1993, petitioner fatally shot his
sister's boyfriend.  Doc #7, Ex 4.  The shooting occurred
after petitioner and the victim had been drinking beer and
began to fight physically.  Id.  During a break in the
fight, petitioner retrieved a gun from his bedroom and shot
the victim twice.  Id.  At trial, the prosecution played a
recording of a 911 emergency call which had recorded
petitioner's repeated statements that he was going to kill
the victim and the actual shots being fired.  Id.

On November 9, 1993, petitioner was convicted of
first degree murder and use of a firearm to commit the
crime.  Cal Penal Code §§ 187, 12022.5.  Petitioner filed a
motion for a new trial and modification of the verdict.
Id.  The trial judge denied the new trial motion, but
reduced the jury verdict to second degree murder.  Id.
Petitioner was sentenced to a prison term of 18 years-to-
life: 15 years-to-life on the murder charge and an
additional 3 year term for the use of a firearm during the
offense.  Id.

On February 15, 2005, petitioner appeared before
the board for his first parole consideration hearing.  Doc

2

#7, Ex 3.  The board found petitioner unsuitable for parole.  ("PAROLE DENIED TWO YEARS") Hr'g Tr at 73 (Doc #7, Ex 3).

Petitioner unsuccessfully challenged the board's decision in the state superior, appellate and supreme courts.  Doc #1.  On December 13, 2006, the California Supreme Court summarily denied petitioner's petition for review.  This federal petition for a writ of habeas corpus followed.

II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 USC section 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the [p]etitioner is not challenging his underlying state court conviction."  White v Lambert, 370 F3d 1002, 1009-10 (9th Cir 2004).  Under AEDPA, this court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 USC section 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal

3

law, as determined by the Supreme Court of the United
States; or (2) resulted in a decision that was based on an
unreasonable determination of the facts in light of the
evidence presented in the State court proceeding."  28 USC
§ 2254(d).  Under this deferential standard, federal habeas
relief will not be granted "simply because [this] court
concludes in its independent judgment that the relevant
state-court decision applied clearly established federal
law erroneously or incorrectly.  Rather, that application
must also be unreasonable."  Williams v Taylor, 529 US 362,
411 (2000).

    While circuit law may provide persuasive
authority in determining whether the state court made an
unreasonable application of Supreme Court precedent, the
only definitive source of clearly established federal law
under 28 USC section 2254(d) rests in the holdings (as
opposed to the dicta) of the Supreme Court as of the time
of the state court decision.  Id at 412; Clark v Murphy,
331 F3d 1062, 1069 (9th Cir 2003).


                              III

    Petitioner seeks federal habeas corpus relief
from the board's February 15, 2005 decision finding him
unsuitable for parole and denying him a subsequent hearing
for two years on the ground that the decision does not
comport with due process and equal protection.  Petitioner

                              4

argues that the board's decision was arbitrary because he was not provided with individualized consideration and that the decision was not supported by some evidence in the record.  Petitioner also argues that he was denied due process because his right to a parole hearing with the board one year prior to his minimum eligible parole release date was not timely satisfied.

A

Under California law, prisoners serving indeterminate life sentences, like petitioner, become eligible for parole after serving minimum terms of confinement required by statute.  In re Dannenberg, 34 Cal 4th 1061, 1069-70 (2005).  At that point, California's parole scheme provides that the board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration."  Cal Penal Code § 3041(b).  Regardless of the length of the time served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison."  Cal Code Regs tit 15, § 2402(a).  In making this determination, the board must consider various factors,

5

including the prisoner's social history, past criminal history, and base and other commitment offense, including behavior before, during and after the crime.  See Cal Code Regs tit 15, § 2402(b) - (d).

California's parole scheme "gives rise to a cognizable liberty interest in release on parole which cannot be denied without adequate procedural due process protections."  <u>Sass v California Bd of Prison Terms</u>, 461 F3d 1123, 1128 (9th Cir 2006); <u>McQuillion v Duncan</u>, 306 F3d 895, 902 (9th Cir 2002).  It matters not that a parole release date has not been set for the inmate because "[t]he liberty interest is created, not upon the grant of a parole date, but upon the incarceration of the inmate."  <u>Biggs v Terhune</u>, 334, F3d 910, 914-15 (9th Cir 2003).

Petitioner's due process rights require that "some evidence" support the board's decision finding him unsuitable for parole.  <u>Sass</u>, 461 F3d at 1125.  This "some evidence" standard is deferential, but ensures that "the record is not so devoid of evidence that the findings of [the board] were without support or otherwise arbitrary."  <u>Superintendent v Hill</u>, 472 US 445, 457 (1985).  Determining whether this requirement is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence."  Id at 455-56.

Due process also requires that the evidence

6

underlying the parole board's decision have some indicia of
reliability.  <u>Biggs</u>, 334 F3d at 915; <u>McQuillion</u>, 306 F3d at
904.  Relevant to this inquiry is whether the prisoner was
afforded an opportunity to appear before, and present
evidence to, the board.  See <u>Pedro v Oregon Parole Bd</u>, 825
F2d 1396, 1399 (9th Cir 1987).  If the board's
determination of parole unsuitability is to satisfy due
process, there must be some evidence with some indicia of
reliability, to support the decision.  <u>Rosas v Nielsen</u>, 428
F3d 1229, 1232 (9th Cir 2005).


                                 B

          Petitioner claims that the board's finding that
he was unsuitable for parole is not supported by any
evidence in the record or an individualized consideration
of his circumstances.  But the record shows that the board
found three circumstances tending to show unsuitability for
parole and that these circumstances formed the basis for
its conclusion that petitioner posed "an unreasonable risk
of danger to society and a threat to public safety if
released from prison."  Hr'g Tr at 69; see Cal Code Regs
tit 15, § 2402(a) (stating that a prisoner determined to be
an unreasonable risk to society shall be denied parole).
The record also shows that the board afforded petitioner
and his counsel an opportunity to speak and present
petitioner's case at the hearing, gave them time to review

                                 7

petitioner's central file, allowed them to present relevant
documents and provided them with a reasoned decision in
denying parole.  Hr'g Tr at 7-8.

        First, the board examined the commitment offense
and found that the offense "was carried out in an
especially callous, cruel manner.  The offense was
dispassionate * * * [showing] a callous disregard for
another human being."  Id at 69.  The board also noted that
the "motive for the crime was inexplicable or very
trivial."  Id; see Cal Code Regs tit 15, § 2401(c)(1)(D) -
(E) (listing callous disregard for human suffering and
trivial motive as factors tending to show unsuitability for
parole).  The board drew its conclusion from the fact that
the offense was committed when petitioner was drinking beer
and that the provocation for the shooting was a fistfight.
Hr'g Tr at 69.  The board cited the letter written by the
district attorney in opposition to parole and the
transcript of the 911 call during which the petitioner
repeatedly stated his intent to kill the victim as
particularly "powerful" in compelling it's decision to deny
parole at this time.  Id at 72.

        Second, the board cited four disciplinary write-
ups as a factor in its decision to deny parole.  The write-
ups were issued between 1994 and 1997 and concerned: (1)
entering an unauthorized cell; (2) manufacturing alcohol in
a cell; (3) willful resistance; and (4) refusing a direct

8

order.  Doc #7, Ex 8.  The board noted that, as of the time
of the hearing, petitioner had been "disciplinary free for
almost six and a half years, so he appears to be smoothing
it out."  Hr'g Tr at 70-71.  But, in its judgment, this did
not outweigh the other factors contributing to petitioner's
parole denial.  Id.

Third, and related, is that the board determined
that petitioner "had not sufficiently participated in
substance abuse programs."  Id at 70.  Specifically, the
board found that petitioner "needs to continue to
participate in programs that would enable him to be able to
face, discuss, understand and cope with stress in a non-
destructive manner."  Id.  While commending petitioner on
the vocational and rehabilitative strides he had made, the
board noted that, as yet, he had not "completed the
necessary programming which is essential to his
adjustment."  Id.

The board considered other factors tending to
support suitability for parole including: petitioner's
favorable psychological evaluation which indicated a
reduced level of dangerousness and that he was on the right
track; that he had been discipline free for over six years;
that he had support from family who would help him with his
residential and employment plans; and his participation in
vocational courses.  Hr'g Tr at 70-71.  The board found
that these factors showed that petitioner was making

progress, but that these positive aspects did not "outweigh the fact of his unsuitability."  Hr'g Tr at 71.

The state superior court affirmed the decision of the board.  The superior court examined the board's considerations and concluded that the board based its determination of unsuitability for parole on some evidence. Doc #7, Ex 10.  This evidence included the "four serious disciplinary write-ups during his state prison confinement, and further that petitioner had not sufficiently participated in substance abuse programs."  Id (citing Hr'g Tr at 70, 72) (internal quotations omitted).  Further, the superior court agreed that the gravity of the crime and its surrounding facts justified further incarceration.  Id. The state appellate and supreme courts summarily denied petitioner's request for habeas corpus relief.


1

The state courts' rejection of petitioner's due process claim was not contrary to, nor did it involve an unreasonable application of clearly established federal law, and it was not based on an unreasonable determination of the facts.  See 28 USC § 2254(d).

The record shows that the board had some reliable evidence to support its finding of unsuitability.  Because this was petitioner's first parole hearing, the circumstances surrounding the murder, which suggested a

10

callous disregard for human suffering as well as a trivial
motive were particularly relevant to the board's decision.
Accord <u>Irons v Carey</u>, 505 F3d 846, 850 (9th Cir 2007)
(upholding denial of parole based solely on gravity of
offense).  It is also relevant that petitioner had not yet
served the minimum 18 year determinate part of his
sentence.  See id at 853 (denial of parole based on
commitment offense where petitioner has not yet served the
minimum number of years required by his sentence will
generally comport with due process).  In addition, the
previous disciplinary write-ups and a finding that
petitioner had not sufficiently participated in substance
abuse programs reasonably contributed to the board's
determination that he was unsuitable for parole.  See <u>Hill</u>,
474 US at 455-56.

The board's detailed findings rebut petitioner's
allegation that the board did not afford him individualized
consideration and that its decision was mere boilerplate.
While lauding his recent vocational and behavioral gains,
the board reasonably concluded that petitioner was not yet
suitable for parole.  It is not up to this court to
"reweigh the evidence."  <u>Powell v Gomez</u>, 33 F3d 39, 42 (9th
Cir 1994).

2

Petitioner's invocation of equal protection does

not form a basis for federal habeas relief either.  An equal protection challenge under the Fourteenth Amendment requires allegations that parole statutes distinguish between categories of criminal offenders.  These statutes are reviewed under a rational basis test because prisoners are not a suspect class and there is no fundamental constitutional right to parole.  See Glauner v Miller, 184 F3d 1053, 1054 (9th Cir 1999) (Nevada legislature did not lack a rational basis for requiring more scrutiny of sexual offenders in parole matters than other classes of criminals due to heightened recidivism concerns).

Petitioner vaguely alleges that prisoners sentenced to life terms are routinely denied parole and that this constitutes a violation of due process and equal protection.  But the record makes clear that the board provided ample justification for its denial of parole. There is a rational basis supporting the weight given to petitioner's commitment offense, especially at an initial parole hearing.  There is no evidence that the board's decision was arbitrary or based solely on petitioner's status as a life-term prisoner.

C

Petitioner seeks federal habeas relief on the ground that his parole hearing was less than one year prior to his minimum eligible parole date, in violation of

12

1  California Penal Code section 3041(a).

2       The record shows that petitioner's parole
3  consideration hearing was conducted on February 15, 2005,
4  five months prior to his minimum eligible parole date.  Not
5  surprisingly, the California superior court denied
6  petitioner's claim, noting that the hearing "was conducted
7  well in advance of his minimum eligible parole release
8  date."  Doc #7, Ex 10 at 1.

9       Petitioner is not entitled to federal habeas
10  relief for alleged violations of state law.  See Estelle v
11  McGuire, 502 US 62, 67-68 (1991).  Moreover, this court is
12  bound by the superior court's interpretation of state law.
13  See Bradshaw v Richey, 546 US 74, 76 (2005).

14

15                              IV

16       For the reasons set forth above, the petition for a
17  writ of habeas corpus is DENIED.

18       The clerk shall enter judgment in favor of respondent
19  and close the file.

20

21       SO ORDERED.

22

23  _____
24  VAUGHN R WALKER
    United States District Chief Judge

25

26

27

28                              13